**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

LARRY ROSSER,       ) NO. CV 09-5513-DDP(E)
            )
     Petitioner,    )
            )
  v.         ) ORDER RE DISMISSAL
            )
UNITED STATES,      )
            )
     Respondent.    )
            )
_____)

   On July 28, 2009, Petitioner filed a document entitled: "Petition for Writ of Habeas Corpus 28 U.S.C. § 2241 (c)(1), (2) & (3) [¶] Petition for Writ of Mandamus and/or Prohibition: Evidentiary Hearing Requested" ("Petition").  The Petition challenges Petitioner's 1996 murder conviction and/or sentence therefor in People v. Rosser, Los Angeles Superior Court case number BA110652 (Petition at 2). Petitioner previously challenged this same conviction and sentence in a habeas corpus petition filed in this Court in 2002 ("the prior habeas action").  See Rosser v. Scribner, CV 07-4980-DDP(E).  On January 7, 2008, the Magistrate Judge issued a Report and Recommendation in the prior habeas action, recommending denial and

dismissal of the petition with prejudice as untimely.  On June 20, 2008, the District Court issued an order adopting the Report and Recommendation in the prior habeas action and entered judgment in that action denying and dismissing the petition with prejudice.

On September 23, 2008, Petitioner filed in the prior habeas action a "Motion to Vacate Judgment" purportedly pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.  On June 26, 2009, the Court denied the Motion.  On July 16, 2009, the United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability.  See Order filed July 16, 2009 in Rosser v. Scribner, Ninth Circuit case number 08-56177.[1]

In the present Petition, Petitioner appears to seek, in addition to habeas relief, mandamus relief relating to this Court's denial and dismissal of the prior habeas action.  Petitioner seeks, among other things, an order requiring this Court to conduct "merits review" of Petitioner's claims in the prior habeas action, and an order affording Petitioner "the process omitted in the first habeas proceeding Case # CV-07-4890 DDP (E)" (Petition, p. 21).  However, mandamus is an "extraordinary" remedy "appropriate only when the [petitioner's] claim is clear and certain and the duty of the officer is ministerial and so plainly prescribed as to be free from doubt . . . ."  Nova Stylings, Inc. v. Ladd, 695 F.2d 1179, 1180 (9th Cir. 1983) (citations and quotations omitted).  The Petition fails to demonstrate that this

---

[1]     The Court takes judicial notice of the Ninth Circuit's docket in Rosser v. Scribner, Ninth Circuit case number 08-56177. See Mir v. Little Company of Mary Hosp., 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

1    Court had or has any "plainly prescribed" "ministerial" duty to

2    consider on the merits Petitioner's prior, untimely habeas petition,

3    much less any such duty to grant the prior petition.[2]

4

5    Although Petitioner purports to bring the present Petition

6    pursuant to 28 U.S.C. section 2241, to the extent the Petition seeks

7    habeas relief, the Petition is governed by 28 U.S.C. section 2254.

8    See Franz v. Hazey, 533 F.3d 724, 735-36 (9th Cir. 2008) (en banc)

9    (explaining that, while section 2241 "provides generally for the

10   granting of writs of habeas corpus by federal courts," section 2254

11   limits the authority granted in section 2241 where the petitioner is

12   in custody pursuant to a state court judgment); White v. Lambert, 370

13   F.3d 1002, 1006-07 (9th Cir. 2004) ("when a state prisoner begins in

14   district court, § 2254 and all associated statutory requirements apply

15   no matter what statutory label the prisoner has given the case";

16   section 2254 "is the exclusive avenue for a state court prisoner to

17   challenge the constitutionality of his detention") (citation and

18   _____

19         [2]    Any request for such relief against a state entity or
      actor would be unavailing.  This federal court lacks jurisdiction
20    to issue a writ of mandamus to a state court or other state
      actor.  See, e.g., Demos v. United States District Court for the
21    Eastern District of Washington, 925 F.2d 1160, 1161-62 (9th
      Cir.), cert. denied, 498 U.S. 1123 (1991) ("to the extent that
22    [petitioner] attempts to obtain a writ in this court to compel a
      state court to take or refrain from some action, the petitions
23    are frivolous as a matter of law"); Moye v. Clerk, DeKalb County
      Superior Court, 474 F.2d 1275, 1276 (5th Cir. 1973) ("a federal
24    court lacks the general power to issue writs of mandamus to
      direct state courts and their judicial officers in the
25    performance of their duties where mandamus is the only relief
      sought"); Robinson v. California Board of Prison Terms, 997 F.
26    Supp. 1303, 1308 (C.D. Cal. 1998) ("federal courts are without
      power to issue writs of mandamus to direct state agencies in the
27    performance of their duties") (citations omitted).

28

1  internal quotations omitted).  Petitioner's claims challenging his
2  conviction and sentence were presented, or could have been presented,
3  in the prior habeas petition.  Hence, the Court must dismiss the
4  present Petition in accordance with 28 U.S.C. section 2244(b) (as
5  amended by the "Antiterrorism and Effective Death Penalty Act of
6  1996").  Section 2244(b) requires that a petitioner seeking to file a
7  "second or successive" habeas petition pursuant to section 2254 first
8  obtain authorization from the court of appeals.  See Burton v.
9  Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive
10 authorization from Court of Appeals before filing second or successive
11 petition, "the District Court was without jurisdiction to entertain
12 [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir.
13 2000) ("the prior-appellate-review mechanism set forth in § 2244(b)
14 requires the permission of the court of appeals before 'a second or
15 successive habeas application under § 2254' may be commenced"); Harris
16 v. Felker, 2007 WL 1599990 (E.D. Cal. June 4, 2007), report and
17 recommendation adopted, 2007 WL 2326055 (E.D. Cal. Aug. 14, 2007)
18 (dismissing petition which challenged same conviction challenged in
19 previous petition, where petitioner had not obtained authorization
20 from Court of Appeal to file second or successive petition).
21 Petitioner evidently has not yet obtained authorization from the Ninth
22 Circuit Court of Appeals.  Consequently, this Court cannot entertain
23 the present Petition.  See Burton v. Stewart, 549 U.S. at 157; see
24 also Murray v. Greiner, 394 F.3d 78, 81 (2d Cir. 2005) (dismissal of
25 petition as barred by statute of limitations "constitutes an
26 adjudication on the merits that renders future petitions under §2254
27 challenging the same conviction 'second or successive' petitions under
28 §2244(b)"); accord Horstman v. Evans, 2009 WL 1658097, at *2 (E.D.

4

Cal. June 12, 2009); <u>Grissom v. Adams</u>, 2008 WL 2557483, at *2-3 (C.D. Cal. Apr. 17, 2008), <u>adopted</u>, 2008 WL 2595104 (C.D. Cal. June 23, 2008); <u>Bridgewater v. Scriben</u>, 2007 WL 2262760, at *1 (S.D. Cal. Aug. 3, 2007); <u>Reyes v. Vaughn</u>, 276 F. Supp. 2d 1027, 1029 (C.D. Cal. 2003).

    For all of the foregoing reasons, the Petition is denied and dismissed without prejudice.

    LET JUDGMENT BE ENTERED ACCORDINGLY.

        DATED:   September 11, 2009.

                                    _____
                                         DEAN D. PREGERSON
                                    UNITED STATES DISTRICT JUDGE

PRESENTED this 3rd day of
August, 2009, by:

_____/S/_____
        CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE